IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LĀNAʻI RESORTS, LLC, a Hawaiʻi limited liability company, dba PŪLAMA LĀNAʻI,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARIS COLLECTIVE, INC., a California Corporation, MARIS COLLECTIVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>          Defendants. | Civil No. 21-00401 HG-KJM<br><br>AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MARIS COLLECTIVE PROPERTIES, LLC |

AMENDED FINDINGS AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MARIS COLLECTIVE PROPERTIES, LLC

On May 27, 2022, this Court issued a Findings and Recommendation to: (1) Grant Plaintiff's Motion for Default Judgment Against Defendant Maris Collective Properties, LLC; and (2) Award Attorneys' Fees ("05/27/2022 Findings and Recommendation"). ECF No. 22. On July 1, 2022, the district court referred the 05/27/2022 Findings and Recommendation back to this Court for further review of the basis of damages claimed and the manner in which they were calculated. ECF No. 25.

Upon further review of Plaintiff Lānaʻi Resorts, LLC, dba Pūlama Lānaʻi's ("Plaintiff") Motion for Default Judgment Against Defendant Maris Collective Properties, LLC ("Motion"), Plaintiff's submissions, the record, and for the reasons stated below, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's Motion. This Amended Findings and Recommendation supersedes the 05/27/2022 Findings and Recommendation.

## BACKGROUND

This matter concerns the alleged breach of two commercial leases and amounts allegedly owed to Plaintiff by Defendant Maris Collective Properties, LLC ("Defendant MC Properties"), and Defendant Maris Collective, Inc. ("Defendant Maris Collective") (collectively, "Defendants"). The subject commercial leases are for properties owned by Plaintiff located at (1) Four Seasons Lanai at Koele a Sensei Retreat ("Koele"), and (2) Four Seasons Resort Lānaʻi ("Manele"), both located on Lānaʻi, Hawaii. ECF No. 18-1 at 1.

I.   The Manele Lease and Manele Assignment

On September 30, 2021, Plaintiff filed a Complaint against Defendants. ECF No. 1. Plaintiff alleges that on April 18, 2016, Plaintiff and Defendant MC Properties entered into a five-year lease beginning on May 15, 2016, at Manele for retail operations and warehouse space ("Manele Lease"). ECF No. 1 at 4 ¶ 10; ECF No. 18-3 at 1. Plaintiff alleges that in addition to managing its own

inventory, Defendant MC Properties agreed to "display, merchandise, market and sell certain design brand merchandise of high value referred to as 'Landlord's Inventory' in its stores."[1]  ECF No. 1 at 5 ¶ 13.  Plaintiff alleges that under the Manele Lease, Defendant MC Properties was to pay Plaintiff "fifteen percent (15%) of the gross margin ('Landlord's Return') from the sale of inventory."  *Id*. at ¶ 14.

Plaintiff alleges that in October 2019, Plaintiff and Defendant MC Properties executed the assignment of the Manele Lease to Defendant Maris Collective as of November 1, 2019 ("Manele Assignment").  *Id*. at 6 ¶ 18.  Plaintiff alleges it was not aware that at the time of the Manele Assignment, Defendant MC Properties had sold items designated as Landlord's Inventory and failed to pay Plaintiff a Landlord's Return of approximately $325,000.  *Id*. at ¶ 19.

II.   The Koele Lease

Plaintiff alleges that on September 13, 2019, Plaintiff and Defendant Maris Collective entered into a five-year lease at Koele ("Koele Lease").  *Id*. at 6 ¶ 20.

---

[1] Landlord's Inventory is defined as "Items purchased using vendor contacts established by [Plaintiff] for vendors not carried by [Defendant MC Properties] and considered specialty 'designer' brand merchandise of high value."  ECF No. 18-1 at 2 n.2; *see also* ECF No. 18-3 at 17 (Manele Lease, Section 8.04).

III.   Defendant Maris Collective's Alleged Default Under the Manele and Koele Leases

Plaintiff alleges that LeeAnn Sauter, the sole Member of Defendant Maris Collective and Manager of Defendant MC Properties, sold her interest in Defendant Maris Collective in early 2020 without notifying Plaintiff.  *Id*. at 7 ¶ 25.  Plaintiff alleges that beginning July 1, 2020, Defendant Maris Collective defaulted under the Manele Lease and Koele Lease.  *Id*. at ¶ 26.  Plaintiff alleges that on October 6, 2020, Plaintiff sent Defendant Maris Collective Notices of Termination demanding payment for outstanding rent at Manele and Koele.  *Id*. at ¶ 27.

In its Complaint, Plaintiff asserted claims against Defendant Maris Collective for breach of the Koele Lease and Manele Lease (Counts I and II, respectively).  *Id*. at 8–9 ¶¶ 32–41.  Plaintiff asserted claims against Defendant MC Properties for Unjust Enrichment (Count III) and for Negligent Misrepresentation (Count IV) in allegedly inducing Plaintiff to consent to the Manele Assignment and retaining amounts owed in Landlord's Return for sales of Landlord's Inventory prior to and at the time of the Manele Assignment.  *Id*. at 10–11 ¶¶ 42–51.

Defendant Maris Collective was served with the Summons and Complaint on October 21, 2021.  ECF No. 9.  On November 19, 2021, Defendant MC Properties waived service of the Summons and Complaint.  ECF No. 11.  On February 7, 2022, the Clerk entered default as to Defendant MC Properties only.  ECF No. 15.  On February 23, 2022, the district court entered a Notice of Partial

4

Dismissal with Prejudice as to All of Plaintiff's Claims Against Maris Collective, Inc. ECF No. 17. On March 17, 2022, Plaintiff filed the Motion. ECF No. 18.

## DISCUSSION

I.    Legal Standard

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(a), (b)(1). The Clerk's entry of default, however, does not mean that the Court will automatically grant default judgment. Rather, the court has discretion to grant or deny a motion for default judgment. *Lewis v. Uyehara*, CV NO 05-00478 DAE/BMK, 2006 WL 8422937, at *7 (D. Haw. Mar. 23, 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986) (citations omitted). Entered sparingly, default judgments are ordinarily disfavored and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Courts may consider the following factors in deciding whether to grant a motion for default judgement (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel*, 782 F.2d at 1471–72).

In general, on default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Likewise, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

II. Jurisdiction

Before considering the merits of default judgment against a party who has failed to plead or otherwise defend, the Court has an affirmative obligation to determine whether it has jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The district court initially found that Plaintiff's Complaint did not establish the citizenship of each member of either Plaintiff's LLC or Defendant MC Properties' LLC. The district court thus found

6

that the allegations are insufficient to establish subject-matter jurisdiction based on diversity.  ECF No. 23.  The district court ordered supplemental briefing that "identifies each of the members of Plaintiff Lanai Resorts, LLC and provides the citizenship of each member.  Plaintiff shall also identify each member of Defendant Maris Collective Properties, LLC and the citizenship of each member."  *Id*.

This Court has reviewed Plaintiff's submission and finds that the Court has both subject-matter jurisdiction and personal jurisdiction over Plaintiff and Defendant MC Properties.  First, the Court has subject-matter jurisdiction based on complete diversity of citizenship between Plaintiff and Defendant MC Properties.  Complete diversity of citizenship means that every plaintiff be a citizen of a different state from every defendant.  *Carpenter v. PNC Bank, N.A.*, 386 F. Supp. 3d 1339, 1344 (D. Haw. 2019) (citing *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018)).  For purposes of diversity jurisdiction, "a [limited liability corporation] is a citizen of every state of which its owners/members are citizens."  *Ryan v. Salisbury*, 380 F. Supp. 3d 1031, 1047 (D. Haw. 2019) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).  In addition, "under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of both its state of incorporation and its principal place of business."  *Id*.

Plaintiff is a domestic limited liability company incorporated in Hawaii. ECF No. 1 at 2 ¶ 1. Plaintiff owns the Manele and Koele premises. ECF No. 24-1 at 2 ¶ 3; *see also* ECF No. 24-3. Plaintiff's sole member is Lanai Island Holdings, LLC ("Lanai Island Holdings"). ECF No. 24-1 at 2 ¶ 4. Lanai Island Holdings is a domestic holding company incorporated in Hawaii. *Id*. at ¶ 5; *see also* ECF No. 24-4. Lanai Island Holdings' sole member is LIH Corporation, a for-profit Hawaii corporation with its principal place of business in Hawaii. ECF No. 24-1 at 2 ¶¶ 6, 7. The Court thus finds that Plaintiff is a citizen of Hawaii.

Defendant MC Properties is a foreign limited liability company incorporated in Delaware. ECF No. 24-6. Defendant MC Properties' mailing address is in California. *Id*. Defendant MC Properties' citizenship is determined by the citizenship of its owner/sole member, Ms. Sauter. *Ryan*, 380 F. Supp. 3d at 1047 (citing *Johnson*, LP, 437 F.3d at 899). Ms. Sauter's citizenship, in turn, is determined by her state of domicile. *Id*. at 1046–47 (citing *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001)). As stated, Ms. Sauter waived service of the Summons and Complaint on behalf of Defendant MC Properties, indicating an address of 175 West Channel Road, Santa Monica, California. ECF No. 11. Plaintiff's counsel represents that a real property records search reveals that Ms. Sauter and her husband own the property at the foregoing address. ECF No. 24-2 at 3 ¶ 7.

Plaintiff's counsel declares that a public records search also demonstrates that Ms. Sauter has been associated with numerous entities, including Defendant Maris Collective, which have had as their principal places of business Santa Monica, California. *Id*. at 3–4 ¶¶ 8–11. This Court thus finds that the state of citizenship of Defendant MC Properties, through its sole member, is California. Plaintiff and Defendant MC Properties being citizens of different states, the Court finds complete diversity of citizenship between Plaintiff and Defendant MC Properties.

Second, the Court has personal jurisdiction over Defendant MC Properties. "[P]ersonal jurisdiction over a[n out-of-state] defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Hueter v. Kruse*, CIV. NO. 21-00226 JMS-KJM, 2021 WL 5989105, at *12 (D. Haw. Dec. 17, 2021) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). Federal Rule of Civil Procedure 4(k)(1)(A) governs the long-arm prong of this inquiry, which provides that a federal district court may exercise personal jurisdiction if the defendant is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"—that is, if the defendant is subject to personal jurisdiction under that forum state's long-arm statute. *Id*. Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, is coextensive with federal due process. *Id*. (citing *Venice PI, LLC v.*

9

*Galbatross Techs., LLP*, CIV. NO. 18-00192 LEK-RT, 2019 WL 7373024, at *4 (D. Haw. Dec. 31, 2019)).  The personal jurisdiction analysis under the Hawaii long-arm statute thus becomes a due process inquiry.  *Id.*

Due process requires that a nonresident defendant has "'certain minimum contacts' with the forum [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)).  A defendant's minimum contacts can give rise to either general or specific jurisdiction.  *Ayla v. Alya Skin*, 11 F.4th 972, 979 (9th Cir. 2021).  A court may exercise an all-purpose, general jurisdiction over a defendant whose connections to the forum are "so continuous and systematic" that the defendant is "essentially at home" there.  *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014).

Here, Defendant MC Properties entered into the Manele Lease in the State of Hawaii.  Defendant MC Properties, thus, subjected itself to the jurisdiction of this Court through its retail operations in Hawaii.  The Court, thus, has personal jurisdiction over Defendant MC Properties.

III.     *Eitel* Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the *Eitel* factors.  As

addressed below, the Court's analysis of the *Eitel* factors shows that: (1) Plaintiff does not sufficiently establish Defendant MC Properties' liability; and (2) Plaintiff does not sufficiently establish its damages. Plaintiff is thus not entitled to default judgment.

    A.    Possibility of Prejudice to Plaintiff

The first factor is whether Plaintiff would suffer prejudice if default judgment is not entered. Because Defendant MC Properties has not appeared to defend this action on the merits, Plaintiff would be prejudiced if judgment is delayed and Plaintiff is forced to prove its claims at trial. Defendant MC Properties is aware of this case and this Motion and has chosen not to defend either.[2] Under the circumstances, Plaintiff is entitled to a decision by way of this Motion. Accordingly, the first *Eitel* factor favors default judgment.

    B.    Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

Under the second and third *Eitel* factors, the Court must determine whether Plaintiff's substantive claims have merit and whether Plaintiff's Complaint sufficiently sets forth a claim for relief. *Eitel*, 782 F.2d at 1471. "The Ninth

---

[2] In fact, at the May 3, 2022 hearing on the Motion, Plaintiff's counsel represented that Ms. Sauter informed Plaintiff's counsel that she received the Motion and that Defendant MC Properties is not in operation and has no assets. Ms. Sauter indicated to Plaintiff's counsel that she would not participate in the hearing. *See* ECF No. 20.

Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning*, 572 F.2d at 1388). The Motion focuses entirely on Defendant MC Properties' alleged breach of the Manele Lease and Koele Lease. Plaintiff's breach of contract claims, however, were solely against Defendant Maris Collective, and Plaintiff dismissed those claims with prejudice. Plaintiff's only remaining claims against Defendant MC Properties are for unjust enrichment and negligent misrepresentation.

"[T]he Court must determine whether the evidence, examined in light of . . . default entry, is sufficient to sustain" a finding of unjust enrichment and negligent misrepresentation. *Lewis*, 2006 WL 8422937, at *8. Plaintiff fails to address how the Complaint supports either of these claims. Consequently, these *Eitel* factors—whether the substantive claims have merit and whether Plaintiff's Complaint sufficiently sets forth a claim for relief—weigh strongly against entry of default judgment.

    C.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citing *Eitel*, 782 F.2d at 1472). "On a motion for default judgment, Plaintiffs carry the burden of proving up their damages" by providing "detailed affidavits

and supporting exhibits." *Assaf v. Carp*, Case No.: SACV 17-01883-CJC(GJSx), 2018 WL 6051514, *1 (C.D. Cal. 2018) (citation omitted); *cf. U.S. E.E.O.C. v. Glob. Horizons, Inc.*, Civil Action No. 11-00257 LEK-RLP, 2014 WL 7338725, at *27 (D. Haw. Dec. 19, 2014) (quoting *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("Plaintiff's burden in 'proving up' damages [on a motion for default judgment] is relatively lenient.") (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).

Plaintiff seeks considerable damages for goods supplied by Plaintiff and the contracted-for return allegedly unpaid by Defendant MC Properties in the amount of $336,579.83. However, given Plaintiff's inability to sufficiently prove the amount of money at stake in relation to Defendant MC Properties' liability—which Plaintiff fails to address—this factor weighs against entering default judgment.

D.   Possibility of Dispute Concerning Material Facts

When a plaintiff has "supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Here, the lack of evidence in support of Plaintiff's assertions of Defendant

MC Properties' liability creates a dispute concerning material facts. Consequently, this factor weighs against entry of default judgment.

  E. Whether Default Was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers the issue of excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). The record shows that Plaintiff properly served Defendant MC Properties and that Ms. Sauter is aware of the Motion. Thus, Defendant MC Properties is aware of this litigation. Despite being put on notice of this action and the Motion, Defendant MC Properties failed to respond. Thus, this factor favors granting default judgment.

  F. Policy Favoring Decisions on the Merits

Finally, the seventh *Eitel* factor requires the Court to consider whether the Court's strong preference for deciding cases on the merits should preclude the Court from granting default judgment. Despite this strong policy, courts often find that granting default judgment is appropriate when a defendant fails to adequately defend against a lawsuit. *See, e.g.*, *Wecosign*, 845 F. Supp. 2d at 1083; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

Defendant MC Properties' failure to defend has consequently rendered adjudication on the merits impracticable. The Court, however, also finds that Plaintiff has not fully established Defendant MC Properties' liability. "Liability is not deemed established simply because of the default . . . ." Court's Entry of a Default Judgment—Effect of Default on Proof Requirements, 10A *Fed. Prac. & Proc. Civ.* § 2688.1 (4th ed.) (citing *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569 (W.D. N.Y. 2019) (noting that as to liability, a defendant's default merely concedes the complaint's factual allegations and plaintiff still has the burden to demonstrate that those undisputed allegations, without more, establish the defendant's liability on each asserted cause of action) (other citations omitted)). Given Plaintiff's failure to address Defendant MC Properties' liability on the remaining claims of unjust enrichment and negligent misrepresentation, the Court finds that this factor weighs against entry of default judgment.

G.   Totality of *Eitel* Factors

The Court finds that the *Eitel* factors weigh against entering default judgment. The Court thus recommends that the district court deny Plaintiff's Motion.

IV.   Damages

Although the Court recommends that the district court deny Plaintiff's Motion, the Court notes that Plaintiff's submissions in support of its claim for

15

damages contain ambiguities and inconsistencies that prevent an accurate calculation of damages. These include a lack of definition of "gross margin" and whether it includes the original cost of Landlord's Inventory paid for by Plaintiff, and the exact time frame of Defendant MC Properties' obligation to pay the Landlord's Return.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's Motion for Default Judgment Against Defendant Maris Collective Properties, LLC.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Lānaʻi Resorts, LLC v. Maris Collective, Inc., et al.*, Civil No. 21-00401 HG-KJM; Amended Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment Against Defendant Maris Collective Properties, LLC